# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Amanda Marrotte,<br><br>    Plaintiff,<br><br>vs.<br><br>Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing,<br><br>    Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Removal is based upon 28 U.S.C. § 1442 and is proper for these reasons:

## I.   BACKGROUND

1.   On July 18, 2019, Plaintiff Amanda Marrotte commenced this action by filing a Complaint in the New Britain Judicial District Superior Court against Defendant Pennsylvania Higher Education Assistance Agency (PHEAA), d/b/a FedLoan Servicing.[1]  A true and correct copy of the Complaint, received by PHEAA on July 22, 2019, is attached as Exhibit A.

2.   Marrotte is a student loan borrower.  PHEAA is a student loan servicer.  Relevant here, PHEAA services student loans issued by the federal government under the William D. Ford Direct Loan Program, 20 U.S.C. § 1087a *et seq.* (the "Direct Loan Program").  PHEAA services these loans at the direction of the Department of Education (the "Department").  *See* Servicing Contract, Exhibit B.

---

[1] Per 28 U.S.C. §§ 1442(a) and 1446(b)(1), PHEAA filed the instant notice of removal within 30 days of the commencement of the action, which occurred upon service of the complaint upon PHEAA.  PHEAA's understanding is that the complaint may not have been returned yet to New Britain Superior Court.

3.      PHEAA also administers a number of related programs, including the Public Service Loan Forgiveness Program ("PSLF" or the "PSLF Program"), at the direction of the Department.  Under the PSLF Program, the federal government may forgive the remaining balance of a borrower's Direct Loans after she satisfies particular statutory and regulatory requirements.

4.      Marrotte's Complaint alleges that PHEAA—in connection with servicing her federal Direct Loans and administering the PSLF Program—violated the Connecticut Unfair Trade Practices Act through a variety of administrative errors, failures to disclose, and misrepresentations.  *See* Compl. at ¶ 53.

## II.     BASES FOR REMOVAL JURISDICTION

5.      This Court has removal jurisdiction over this matter under 28 U.S.C. § 1442(a)(1), which provides for removal of any "civil action . . . against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."  Removal under § 1442(a)(1), also known as federal officer removal, is available to a federal contractor when it can demonstrate that: "(1) the defendant is a 'person' under the statute, (2) the defendant acted 'under color of federal office,' and (3) the defendant has a 'colorable federal defense.'"  *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014) (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008)).  These requirements set a low bar "to let the validity of [a] federal defense be tried in federal court."  *Id.* (quoting *Isaacson*, 517 F.3d at 139) (internal quotation marks omitted).  PHEAA satisfies each of the requirements for removal under this section.

6.      PHEAA meets the first prong of federal officer removal—personhood within the meaning of 28 U.S.C. § 1442(a)(1)—because it is a public corporation.  *See* 24 P.S. § 5101; *Isaacson*, 517 F.3d at 135–36 (defining "person" to include corporate persons).

7. PHEAA also meets the second, "acting under" prong, which the court must "liberally construe[]" in favor of a federal forum. *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007) (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)); *Isaacson*, 517 F.3d at 136. PHEAA, as one of the Department's third-party servicers, services Direct Loans and administers the PSLF Program. *See generally* Servicing Contract, Ex. B. The Complaint alleges conduct that undoubtedly falls within the ambit of PHEAA's contractual work for the Department. Federal district courts have consistently found an entitlement to removal for similarly situated federal student loan servicers. *See*, *e.g.*, *Cobb v. Gc Servs.*, No. 3:16-3764, 2016 U.S. Dist. LEXIS 168928, at *5 (S.D. W. Va. Dec. 7, 2016) (denying remand after federal student loan servicer's removal under § 1442(a)(1)); *Smith v. Collection Techs., Inc.*, No. 2:15-cv-6816, 2016 U.S. Dist. LEXIS 36845, at *6–16 (S.D. W.Va. March 22, 2016) (same); *Snuffer v. Great Lakes Education Loan Services*, *Inc.*, No. 14-cv-25899, Dkt. No. 16 (S.D. W.Va. March 19, 2015) (same).

8. As for the third prong—a colorable federal defense—PHEAA will rely on at least two federal defenses, each of which independently satisfies the requirement. First, PHEAA is immune from liability arising from its performance of a federal contract on the basis of derivative sovereign immunity. *See Campbell v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 646–51 (4th Cir. 2018) (affirming dismissal of Telephone Consumer Protection Act claim for lack of subject-matter jurisdiction on the basis of derivative immunity). Second, federal law expressly preempts Marrotte's disclosure-based claims. *See* 20 U.S.C. § 1098g ("Loans made, insured, or guaranteed pursuant to a program authorized by Title IV of the Higher Education Act of 1965 (20 U.S.C. § 1070 *et seq.*) shall not be subject to any disclosure requirements of any State law.").

9. To remove, a defendant "need not virtually win his case, nor must his defense even be clearly sustainable on the facts." *Cuomo*, 771 F.3d at 115–16 (citations and quotations omitted);

3

*see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1089 (6th Cir. 2010) (noting that "a colorable federal defense need only be plausible"); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (same); *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001) (same). Both derivative sovereign immunity and preemption meet this bar. *See, e.g.*, *Cobb*, 2016 U.S. Dist. LEXIS 168928, at *6–10 (finding federal student loan servicer's federal contractor defense colorable).

10. PHEAA therefore satisfies each requirement for federal officer removal under 28 U.S.C. § 1442(a)(1).

### III. VENUE

11. Under 28 U.S.C. § 1446(a), the United States District Court for the District of Connecticut is the proper venue for removal jurisdiction because it embraces the place where this action presently is pending in New Britain Judicial District Superior Court.

### IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

12. PHEAA was served on July 22, 2019. Accordingly, this Notice is timely because it has been filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

13. PHEAA has not answered or otherwise responded to the Complaint.

14. The documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders received by PHEAA to date.

15. Written notice of the filing of this notice of removal is being forwarded to Marrotte, as well as to the Clerk of Court for the New Britain Judicial District, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit C.

16. By filing this notice of removal, PHEAA does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process, improper service of process, and/or improper venue, in this Court or in the court from which this action has been removed.

17. Based upon the foregoing, this Court has jurisdiction under 28 U.S.C. § 1442, and this matter may be removed to this Court under 28 U.S.C. § 1446.

WHEREFORE, defendant PHEAA hereby gives notice that the above-captioned action is removed to the United States District Court for the District of Connecticut.

DATED:  August 21, 2019  Respectfully submitted,

DEFENDANT,

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY


*/s/ William S. Fish, Jr.*
William S. Fish, Jr. (ct05349)
Sara J. Stankus (ct29505)
HINCKLEY ALLEN
20 Church Street, 18th Floor
Hartford, CT 06103
Telephone: (860) 725-6200
Facsimile: (860) 278-3802
wfish@hinckleyallen.com
sstankus@hinckleyallen.com
*(Local Counsel)*

*/s/ Thomas Burke*
Thomas Burke (PA 320311)
*pro hac vice forthcoming*
Alejandro Rettig y Martinez (PA 324444)
*pro hac vice forthcoming*
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 864-8500
Facsimile: (215) 864-8999
burket@ballardspahr.com
rettigymartineza@ballardspahr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2019, a copy of the foregoing NOTICE OF REMOVAL was filed electronically, and is available for viewing and downloading through the Court's CM/ECF System. The foregoing NOTICE OF REMOVAL was also served by email to:

Joshua R.I. Cohen
Cohen Consumer Law, PLLC
PO Box 1639
West Dover, VT 05356
jcohen@thestudentloanlawyer.com

*Attorney for Plaintiff*

/s/ *William S. Fish, Jr.*