# Exhibit A

# Civil Summons and Complaint

# New Britain Superior Court



# Service of Process Transmittal
07/22/2019
CT Log Number 535907382

| | |
|---|---|
| **TO:** | Madison Team<br>CTProComply (Recipient Account Only)<br>8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **RE:** | **Process Served in Connecticut** |
| **FOR:** | Pennsylvania Higher Education Assistance Agency  (Domestic State: PA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AMANDA MARROTTE, PLTF. vs. Pennsylvania Higher Education Assistance Agency, ETC., DFT.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT |
| **COURT/AGENCY:** | Hartford at New Britain Court Judicial District, CT<br>Case # NONE |
| **NATURE OF ACTION:** | VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT |
| **ON WHOM PROCESS WAS SERVED:** | CTProComply Company, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/22/2019 at 13:15 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 09/03/2019 |
| **ATTORNEY(S) / SENDER(S):** | Joshua R.I. Cohen<br>Cohen Consumer Law, PLLC<br>PO Box 1639<br>West Dover, VT 05356<br>860-233-0338 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780101770900<br><br>Image SOP<br><br>Email Notification,  Madison Team  ctsop@ctprocomply.com |
| **SIGNED:** | CTProComply Company |
| **ADDRESS:** | 67 Burnside Ave<br>East Hartford, CT 06108 |
| **TELEPHONE:** | 302-658-7581/7582/7583 |

Page 1 of  1 / NM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CT

SERVICE INTENDED FOR:

Pennsylvania Higher Education

# SUMMONS - CIVIL
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 20 Franklin Square, New Britain 06051 | ( 860 ) 515-5180 | September 3, 2019 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349): New Britain | Case type code *(See list on page 2)* Major: M   Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cohen Consumer Law, P.O. Box 1639, West Dover, VT 05356 | 429059 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 802 ) 380-8887 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)*: jcohen@thestudentloanlawyer.com |
|---|---|---|

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Amanda Marrotte<br>Address: 199 Amherst Street, New Britain CT 06053 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing<br>Address: 1200 N. 7TH Street, Harrisburg PA 17102 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

ATTEST: A TRUE COPY
ROBERT E. CARLSON JR.
STATE MARSHAL

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left: Joshua R.I. Cohen | Date signed: 07/18/2019 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

*For Court Use Only*
File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| **RETURN DATE: SEPTEMBER 3, 2019** | : | **SUPERIOR COURT** |
| **AMANDA MARROTTE** | : | **J.D. OF NEW BRITAIN** |
| **v.** | : | **AT NEW BRITAIN** |
| **PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a FEDLOAN SERVICING** | : : : | **JULY 18, 2019** |

## COMPLAINT

### VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1. The plaintiff, Amanda Marrotte, is a natural person residing in New Britain, Connecticut and is a student loan borrower as defined by Conn. Gen. Stat. § 36a-846(5).

2. The defendant, Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing ("FedLoan"), is a Pennsylvania corporation licensed by the Connecticut Department of Banking as a Student Loan Servicer as defined by Conn. Gen. Stat. §36a-846(6) and is contracted with the United States Department of Education ("ED") to service student loans held by ED under the William D. Ford Direct Loan Program ("Direct Loan").

3. The debt at issue is a student education loan as defined by Conn. Gen. Stat. §36a-846(8).

4. In February of 2016, Plaintiff became unemployed.

5. At this time, Plaintiff had an obligation to ED for Federal Student Loans, serviced by FedLoan.

6. Plaintiff contacted FedLoan to request that her Income Based Repayment ("IBR") be lowered to account for her decline in income.

7. FedLoan stated there was no ability to lower the payment and instead offered a forbearance.

8. Plaintiff accepted the forbearance, unaware that under the IBR program, Plaintiff was entitled to have her IBR recalculated due to her change in financial circumstances.

9. On March 4, 2016, FedLoan sent a letter granting a forbearance of payments until February 22, 2017.

10. On March 10, 2016, FedLoan sent a letter stating Plaintiff's IBR was recalculated, which reduced her payment by $69.62.

11. Plaintiff is at a loss to explain how FedLoan conducted a recalculation as she was told it was not an option and consequently did not provide documentation of income with which FedLoan could have conducted a recalculation.

12. Plaintiff did not make payments because the March 10th letter stated, "* Since you are currently on a deferment or forbearance, you are not due to make your first IDR payment on 04/01/2016. You are not responsible to make payments until your deferment or forbearance ends."

13. On October 25, 2016, FedLoan sent a letter to Plaintiff stating it was time to recertify her income to continue with her IBR plan.

14. Plaintiff submitted her recertification on-line and forwarded documentation of her income to FedLoan through the United States Postal Service ("USPS").

2

15. FedLoan never processed Plaintiff's recertification.

16. Upon the termination of the forbearance in February 2017, Plaintiff received a bill in excess of $1,000.

17. On March 24, 2017, Plaintiff contacted FedLoan requesting her payment be lowered because the current bill could not possibly correct as an IBR payment.

18. Again, FedLoan stated there was no way to lower Plaintiff's payment and instead suggested a forbearance.

19. Again, Plaintiff accepted the forbearance, this time unaware that her recertification application from the prior winter had not been processed and she was entitled to reapply for IBR.

20. On March 25, 2017, FedLoan sent a letter verifying that a forbearance was granted that would terminate on March 31, 2018.

21. During the course of the year-long forbearance, FedLoan never provided any notice that there were issues with Plaintiff's account.

22. On March 11, 2018, FedLoan sent a "Monthly Bill" claiming a past due balance of $12,370.32, a current due amount of $1030.86, and requesting a total payment of $13,401.18 due by April 1, 2018.

23. This came as quite a shock to Plaintiff as she understood that her account was in forbearance until March 31, 2018 and had not received a single bill from FedLoan prior to this indicating payments were due or that her forbearance was not in effect.

3

24. On March 28, 2018, upon receiving and reading the March 11th bill, Plaintiff immediately contacted FedLoan and spoke to Mary, employee ID# 618764. After explaining the situation, Mary escalated the call.

25. Plaintiff was transferred to Karen, employee ID#006842. Again, Plaintiff explained that she was in an active forbearance.

26. Karen stated that FedLoan does not babysit accounts and that FedLoan had employed auto-dialer calls to client each month to make her aware of the situation. Karen could not explain why the calls did not leave a voicemail.

27. Karen also stated that e-mails were sent to Plaintiff but could not explain why Plaintiff had not received those e-mails.

28. Neither Mary nor Karen could find any indication of a forbearance in their computer system. Karen requested Plaintiff to fax a copy of the forbearance letter, which Plaintiff did immediately.

29. Upon receipt of the fax, Karen called Plaintiff and agreed that there was an error. Karen stated she would submit the case to a supervisor for recall, that being to recall the debt from default status, recall the debt from assignment to ED, recall the default status from credit reporting bureaus, and recall the capitalizing of interest that occurs upon default.

30. Plaintiff asked Karen about the April payment, to which Karen replied not to do anything until the situation was corrected.

4

31. On April 18, 2018, ED sent a letter to Plaintiff stating the full balance of her loan was due because she had defaulted. The letter included a list of negative consequences that could occur if Plaintiff failed to deal with the default.

32. Plaintiff disregarded the letter because it had only been three weeks since the call with Karen at FedLoan, during which Karen stated that the account would be recalled from ED.

33. On July 30, 2018, Plaintiff contacted FedLoan, but learned that her account was still with ED and was instructed to contact them.

34. On July 30, 2018, Plaintiff contacted ED who stated the account was with a debt collector and was instructed to contact them.

35. On July 30, 2018, Plaintiff contacted the debt collector and explained the situation. Plaintiff was told to watch for "dispute documents" and to dispute the debt.

36. On July 31, 2018, the debt collector sent Plaintiff what it considered documents to help end the dispute. However, the documents were nothing more than Plaintiff's application for consolidation and repayment plan from 2014. Plaintiff never disputed the legitimacy of the debt. She disputed the defaulting of her account while she was in an active forbearance. The debt collector never contacted Plaintiff after this single letter.

37. On August 4, 2018, ED sent a "debt statement" to Plaintiff once again stating her loan was in default and the full balance was due.

38. On August 9, 2018, Plaintiff called ED to dispute the default status. The ED representative stated that only FedLoan could fix it by recalling the account.

5

39. On August 9, 2018, Plaintiff called FedLoan and spoke to Employee ID#620446. After explaining her situation yet again, she was transferred to Michelle, Employee ID#609024.

40. Michelle stated that the recall was submitted on April 4, 2018 but was denied because FedLoan's records showed the March 2017 forbearance was only for 31 days, to cover the month of March 2017.

41. Plaintiff asked why she had a letter stating the forbearance was good for one year. Michelle could not explain.

42. Plaintiff asked why she had not been told the recall was denied. Michelle could not explain.

43. Michelle stated she would resubmit the account for recall, explaining it could take 60-90 days.

44. As of the date of this complaint, FedLoan has forgotten or refused to issue a recall of this account.

45. Plaintiff's account is still listed as in default.

46. Plaintiff's consumer credit reports show this account is in default.

47. Plaintiff is unable to file her tax return for a tax refund in fear that her refund will be intercepted and applied to her erroneously defaulted debt.

48. Plaintiff was qualifying for Public Service Loan Forgiveness ("PSLF") when FedLoan forced the forbearance upon her in March of 2017.

49. She lost a year of qualifying time because of this.

50. Plaintiff relied on FedLoan to be truthful and honest in steering her towards solutions to deal with her loan.

51. As a result of FedLoan's error, Plaintiff has lost sleep and is under constant anxiety about her financial situation, under the mistaken belief that her payments will never be lower than $1,000 a month and that she will never qualify for PSLF.

52. Plaintiff finds herself constantly talking to her therapist about her experience with FedLoan and the anxiety it has caused.

53. FedLoan violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et. seq.* in the following manner:

   a. By failing to alert Plaintiff that her October 2017 IBR recertification had not been processed.

   b. By failing to alert Plaintiff that she could reapply for IBR recertification in March of 2018.

   c. By misrepresenting that a forbearance was the only way to avoid the unaffordable payment in excess of $1,000 a month.

   d. By failing to correctly update its records to show Plaintiff was granted a forbearance from March 2017 to March 2018.

   e. By continuing to bill Plaintiff during an active forbearance.

   f. By failing to alert or send bills to Plaintiff.

   g. By failing to contact Plaintiff to the alleged past due balance until it was too late.

7

h. By turning the account over to ED as a defaulted account when presented with proof that a year-long forbearance had been granted.

i. By failing to recall the account in April of 2018 when presented with proof that FedLoan had granted a year-long forbearance.

j. By failing to recall the account after the August 2018 phone call when again presented with evidence that it had granted a year-long forbearance.

k. Through misrepresentations that caused Plaintiff to delay her eligibility for PSLF by a year.

l. By causing further delay to Plaintiff's eligibility for PSLF by the continued failure to recall the account from ED and default status.

m. By causing such financial and emotional conditions to cause Plaintiff loss of sleep and anxiety.

n. By violating Conn. Gen. Stat § 36a-850 (1), (2), (5), (8), and (9).

54. FedLoan's acts as described above were offensive to public policy, as well as unfair, immoral, unethical, oppressive, and unscrupulous, and such as to cause substantial injury to consumers.

55. Plaintiff has sustained an ascertainable loss as a result of FedLoan's acts. Specifically, Plaintiff is subject to default status of her loans through no fault of her own, is in danger of losing her Federal tax refund, suffers from anxiety and loss of sleep, and undue delay in her ability to take advantage of PSLF.

8

56. FedLoan is liable to Plaintiff for these losses as well as, attorneys' fees and costs and, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff seeks:

1. Actual damages in an amount more than $2,500;

2. Monetary damages pursuant to Conn. Gen. Stat. §42-110g;

3. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

4. Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g;

5. Such other relief as may apply at law or at equity.

PLAINTIFF: AMANDA MARROTTE

By: _____
Joshua R.I. Cohen
Cohen Consumer Law, PLLC
PO Box 1639
West Dover, VT 05356
Tel. (860) 233-0338  Fax (860) 233-0339
jcohen@TheStudentLoanLawyer.com
Juris No. 429059

ATTEST : A TRUE COPY

_____
ROBERT E. CARLSON JR.
STATE MARSHAL

10